# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-CR-0104-CVE ) |
| BENJAMIN LEVI HOLDER, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Defendant Benjamin Levi Holder's Motion to Strike Surplusage (Dkt. # 23). Defendant is charged by indictment (Dkt. # 4) with one count of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), one count of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of possession of an unregistered weapon in violation of 26 U.S.C. § 5872(a). The indictment also makes forfeiture allegations in connection with counts 2, 3, 4, and 5. Defendant argues that the forfeiture allegations and any allegations in count 4 concerning his prior felony conviction should be stricken pursuant to Fed. R. Crim. P. 7(d). The government has filed a response (Dkt. # 25) in opposition to the motion.

Federal Rule of Criminal Procedure 7(d) authorizes a district court to "strike surplusage from the indictment or information." A district court has the discretion to strike "surplusage allegations not relevant to the charge at issue and inflammatory and prejudicial to the defendant." United States v. Collins, 920 F .2d 619, 631 (10th Cir. 1990). To strike allegations from an indictment, the allegations

must be "both independent of and unnecessary to the offense on which a conviction ultimately rests." United States v. Brooks, 438 F.2d 1231, 1237 (10th Cir. 2006). If the challenged language is information that the government intends prove as part of its case-in-chief, the language should not be considered surplusage regardless of the prejudicial impact of the evidence. United States v. Molina-Chavez, No. 10-CR-0187-CVE, 2011 WL 52392, at *2 (N.D. Okla. Jan. 5, 2011) (citing United States v. Thomas, 875 F.2d 559, 562 n. 2 (6th Cir.1989)). Courts rarely strike allegations from an indictment, because jury instructions are ordinarily sufficient to prevent a defendant from suffering any prejudice due to allegations in an indictment. See Molina-Chavez, 2011 WL 52392, at *2; United States v. Daniels, 159 F.Supp.2d 1285, 1300 (D. Kan.2001).

Defendant argues that the forfeiture allegations should be stricken from the indictment because they will confuse the jury. Federal Rule of Criminal Procedure 32.2 requires that, where the government seeks forfeiture, the indictment must "contain[] notice to the defendant that the government will seek the forfeiture of the property as part of any sentence in accordance with the applicable statute." Fed. R. Crim. P. 32.2(a). Thus, the forfeiture allegations are required by law and cannot be stricken from the indictment. However, as is this Court's customary practice, the forfeiture allegations will not be read to the jury, and the copy of the indictment given to the jury will be redacted with the forfeiture allegations deleted.

Defendant also argues that information regarding his prior felony conviction should be stricken from count 4 because it may "prejudice the jury a little." Dkt. # 23 at 2. Defendant states that he intends to enter into a stipulation pursuant to Old Chief v. United States, 519 U.S. 172 (1997), that he has a prior felony conviction. The government states that, as long as such a stipulation is agreed upon and read to the jury, the substance of the prior felony conviction will not be introduced. Dkt. # 25 at

2

13. Thus, presuming that the parties enter into an <u>Old Chief</u> stipulation, the sentence in count 4 describing defendant's prior felony conviction will be redacted and not read to the jury.

**IT IS THEREFORE ORDERED** that Defendant Benjamin Levi Holder's Motion to Strike Surplusage (Dkt. # 23) is **denied**.[1]

**DATED** this 18th day of July, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] The law discussed herein is well-settled and this Court's redaction practice is customary. Counsel is hereby on notice that CJA compensation for frivolous motions will be denied.